# EXHIBIT 10

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :
                                    :      **SEALED INDICTMENT**
            -v.-                    :
                                    :      $\left(\text{S1}\right)$ 19 Cr. _____
AVIRAM AZARI,                      :
                                    :      **19 CRIM 610**
            Defendant.            :
                                    :
- - - - - - - - - - - - - - - x

### COUNT ONE
**(Conspiracy to Commit Computer Hacking)**

The Grand Jury charges:

1.    From at least in or about November 2014 through at least in or about 2019, AVIRAM AZARI, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, computer hacking, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B).

2.    It was a part and an object of the conspiracy that AVIRAM AZARI, the defendant, and others known and unknown, would and did intentionally access a computer without authorization and exceed authorized access, and thereby obtain information from a protected computer, to wit, the contents of personal and business electronic accounts, for purposes of commercial advantage and private financial gain, and the value of which

information exceeded $5,000, in violation of Title 18, United
States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B)(i) and
(iii).

## Overt Acts

3. In furtherance of the conspiracy and to effect the
illegal objects thereof, the following overt acts, among others,
were committed in the Southern District of New York and
elsewhere:

a. In or about November 2014, two co-conspirators
not named herein ("CC-1" and "CC-2") caused to be sent emails to
AVIRAM AZARI, the defendant, stating that they "have a team of
Email Penetration Experts, sophisticated developers for
extracting files" from computers who can "get the backup of the
email from any account and files from any windows computer," and
hoping that "we can make some money working together."

b. In or about August 2016, CC-2 sent to a co-
conspirator not named herein ("CC-3") an email containing letter
invitations from CC-1 to AZARI and CC-3, inviting them to India
to "conduct[ ] business meetings with our senior management."

c. In or about May 2017, CC-1 sent AZARI and CC-3 an
email stating his team, after having sent phishing emails to
Victim-1 had successfully hacked into Victim-1's email account

2

using a Virtual Private Network ("VPN") server located in New York, and attached screenshots of the hacked account.

       d.   In or about June 2017, CC-1 sent AZARI and CC-3 an email stating his team, after having sent phishing emails to Victim-2, an individual based in the Southern District of New York, had successfully hacked into two electronic accounts belonging to Victim-2 using a VPN server located in New York, and attached screenshots of the hacked accounts.

       e.   In or about January 2018, a co-conspirator not named herein ("CC-4") after having sent phishing emails to Victim-3, sent CC-1 an email stating he had successfully hacked into two electronic accounts belonging to Victim-3, using a VPN server located in New York, and attached screenshots of the hacked accounts.

       f.   In or about March 2018, CC-1 sent AZARI and CC-3 an email stating his team, after having sent phishing emails to Victim-4, an individual based in the Southern District of New York, had successfully hacked into two electronic accounts belonging to Victim-4, using a VPN server located in New York, and attached screenshots of the hacked accounts.

       g.   In or about June 2018, CC-1 sent AZARI and CC-3 an email stating his team, after having sent phishing emails to

3

Victim-5, an individual based in the Southern District of New York, had successfully hacked into an electronic account belonging to Victim-5 using a VPN server located in New York, and attached screenshots of the hacked account.

       h.    In or about July 2018, CC-1 and CC-2 received an email which contained the number of successful intrusions various hackers had accomplished that month, including PURTY.

       i.    In or about July 2018, CC-1 sent AZARI and CC-3 emails stating his team, after having sent phishing emails to Victim-6, an individual based in the Southern District of New York, had successfully hacked into four electronic accounts belonging to Victim-6 using a VPN server located in New York, and attached screenshots of the hacked accounts.

       j.    In or about October 2018, CC-1 sent CC-4 a list identifying over 300 accounts to attempt to hack, including accounts for victims located in the Southern District of New York.

              (Title 18, United States Code, Section 371.)

4

## COUNT TWO
### (Conspiracy to Commit Wire Fraud)

The Grand Jury further charges:

4.     From at least in or about November 2014 through at
least in or about 2019, AVIRAM AZARI, the defendant, and others
known and unknown, willfully and knowingly did combine,
conspire, confederate, and agree together and with each other to
violate Title 18, United States Code, Section 1343.

5.     It was a part and an object of the conspiracy that
AVIRAM AZARI, the defendant, and others known and unknown,
having devised and intending to devise a scheme and artifice to
defraud and for obtaining money and property by means of false
and fraudulent pretenses, representations, and promises, would
and did transmit and cause to be transmitted by means of wire,
radio, and television communication in interstate and foreign
commerce, writings, signs, signals, pictures, and sounds for the
purpose of executing such scheme and artifice, to wit, AZARI and
his co-conspirators perpetrated a scheme targeting hundreds of
victims, located in the Southern District of New York and
elsewhere, by sending false and fraudulent emails to those
victims, in order to trick the victims into entering their
usernames and passwords to their electronic accounts into false
and fraudulent websites controlled by AZARI and his co-

5

conspirators, for the purpose of obtaining unauthorized access to those electronic accounts, and in furtherance thereof caused to be transmitted interstate and foreign email and wires through the Southern District of New York.

(Title 18, United States Code, Section 1349.)

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

6. From at least in or about November 2014 through at least in or about 2019, AVIRAM AZARI, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, AZARI made and caused to be made false and fraudulent emails sent to hundreds of victims located in the Southern District of New York and elsewhere, in order to trick the victims into entering their usernames and passwords to their electronic accounts into false and fraudulent websites controlled by AZARI

6

and his co-conspirators, for the purpose of obtaining
unauthorized access to those electronic accounts.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury further charges:

7.    From at least in or about November 2014 through at
least in or about 2019, AVIRAM AZARI, the defendant, knowingly
transferred, possessed, and used, without lawful authority, a
means of identification of another person, during and in
relation to a felony violation enumerated in Title 18, United
States Code, Section 1028A(c), and aided and abetted the same,
to wit, AZARI possessed and used, and aided and abetted the
possession and use of, login credentials including usernames and
passwords of various individuals during and in relation to the
wire fraud offenses charged in Counts Two and Three of this
Indictment.

(Title 18, United States Code, Sections 1028A(a)(1) & (b),
                              and 2.)

## FORFEITURE ALLEGATIONS

8.    As a result of committing the offense alleged in Count
One of this Indictment, AVIRAM AZARI, the defendant, shall
forfeit to the United States, pursuant to Title 18, United

7

States Code, Section 1030(i), any and all property, real and personal, constituting or derived from, any proceeds obtained directly or indirectly, as a result of said offense, and any and all personal property that was used or intended to be used to commit or to facilitate the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

9.    As a result of committing the offenses alleged in Counts Two and Three of this Indictment, AVIRAM AZARI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 & 1030; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

FOREPERSON

Geoffrey S. Berman
GEOFFREY S. BERMAN
United States Attorney

9

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

### - v. -

### AVIRAM AZARI

**Defendant,**

### SEALED INDICTMENT

S1 19 Cr. ___

(18 U.S.C. §§ 371, 1028A, 1343, 1349, and 2.)

GEOFFREY S. BERMAN
United States Attorney.

**TRUE BILL**

FOREPERSON

08/27/19

(CA)

SEALED INDICTMENT FILED

KH BAAMA

USMJ