**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Anne Champion
Direct: +1 212.351.5361
Fax: +1 212.351.5281
AChampion@gibsondunn.com

September 22, 2022

The Honorable Judge Taryn A. Merkl
U.S. District Court - Eastern District of New York
225 Cadman Plaza E, Brooklyn, NY 11201

Re: *In re Application of Forensic News LLC & Scott Stedman*, 22-mc-1617-MBK-TAM

Dear Judge Merkl:

We write as counsel to petitioners in the above-captioned Section 1782 proceeding pursuant to this Court's Individual Rule 3(A). We write to request that the Court direct Respondent Aviram Azari to appear for a deposition by October 14, 2022 after his counsel, Barry Zone, failed to appear for a duly scheduled and noticed deposition today after attempting a last-minute cancellation on incorrect factual and baseless legal grounds. This request is urgent, as we understand Mr. Azari may well be removed from the United States as early as October 19, 2022, and it appears his counsel is attempting to run out the clock and prohibit us from taking Mr. Azari's testimony at all.[1]

Our clients are journalists Forensic News LLC and its founder Scott Stedman ("Petitioners"). Petitioners are defendants in a defamation action currently pending in the English High Court in London. That action was brought by one of the subjects of our clients' reporting, Walter Soriano—an Israeli-English businessman. Our clients reported on Soriano's shadowy web of connections particularly to the Russian Federation and Vladimir Putin, drawing Soriano's ire and his specious SLAPP suit seeking to silence our clients' reporting and their findings on critical matters of public concern, including revelations relating to Russia's interference in the 2016 presidential election. Even though our clients have no connection to England whatsoever, Soriano sued them there, to take advantage of that jurisdiction's defamation laws. Our clients have been pursuing discovery in the United States, including through this proceeding, to confirm their reporting to aid in their defense of the foreign defamation action.

As the Court knows, we filed this petition on May 25, 2022, seeking documents and a deposition from Mr. Azari. Mr. Azari is a computer hacker who is believed to have a decade-long working relationship with Mr. Soriano and his clients. As such, Petitioners have reason to believe Mr. Azari has relevant knowledge about Mr. Soriano personally, the identities of his clientele, and the work he does for that clientele—all of which would likely

---

[1] Petitioners spoke with opposing counsel twice over the phone on September 19, 2022, regarding counsel's refusal to attend Mr. Aziri's deposition. *See* Individual Rule 3(A) (citing Fed. R. Civ. P. 37(a)(1); E.D.N.Y. Local Civil Rule 37.3(a)). Those discussions and subsequent emails did not resolve the dispute.

GIBSON DUNN

The Honorable Judge Taryn A. Merkl
U.S. District Court - Eastern District of New York
September 22, 2022
Page 2

be beneficial to Petitioners in defending their case against Mr. Soriano in the UK. Mr. Azari is currently housed in the MDC in Brooklyn, awaiting sentencing on a federal indictment.

After we filed this proceeding, we immediately reached out to Mr. Azari's counsel, Mr. Zone, on May 26 asking him to accept service of the Section 1782 application. Ex. 1. He did not respond, and as a consequence we promptly served Mr. Azari with our Section 1782 petition. Dkt. No. 10. Mr. Azari did not appear to oppose the application. On August 16, 2022, this Court granted our application. Dkt. No. 13. It specifically stated "Respondent Azari is hereby directed to comply with the subpoenas in accordance with the Federal Rules of Civil Procedure and the Rules of this Court." Dkt. 13 at 4. Following the Court's order, we spoke with Mr. Zone on August 25, 2022, and told him we were noticing the deposition for September 22. The next day, we provided a copy of the subpoena to Mr. Zone. Ex. 3. We then served the subpoena on Mr. Azari on September 1, 2022. Ex. 2. Our subpoena noticed a deposition for September 22, 2022. Mr. Azari never moved to quash, for a protective order, or even served responses and objections. And until yesterday, Mr. Zone never told us he was unable to attend a deposition on September 22.

After we served the subpoena on Mr. Azari, we immediately undertook to work with the MDC in Brooklyn to arrange the deposition. We recognized facilitating depositions in prison is complicated and requires mobilization of resources and made sure we had appropriate time to complete all paperwork the prison required. The prison was accommodating and responsive, and we were able to complete all necessary arrangements to depose Mr. Azari today. We further retained a court reporter and a translator, as we understand Mr. Azari's primary language is Hebrew and he needs assistance with English. We repeatedly informed Mr. Zone of our efforts on phone calls and in emails. On September 16, 2022, for instance, we wrote to Mr. Zone that "we understood it is possible to arrange for inmates to have their shackles removed and be provided with food during the visit," suggesting he could arrange those comforts for his client's benefit. Ex. 4. Mr. Zone did not respond.

On September 19, 2022, Mr. Zone called us to advise that Mr. Azari had been hospitalized and the deposition could not proceed. He further advised that that his client was "never going to be available to talk to you," and that "you are never going to talk to him." He stated that Mr. Azari, who is under indictment and awaiting sentencing on October 19, 2022, will invoke his Fifth Amendment privilege as to each and every question, regardless of the nature and scope of the question or how disconnected it is from Mr. Azari's almost-concluded criminal prosecution.[2] After we received Mr. Zone's calls, we immediately reached out to

---

[2] Mr. Zone's position that Mr. Azari will not answer any of the questions we ask in the deposition has no legal basis. A witness may only invoke the Fifth Amendment during a deposition when a question is connected to a "reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486

# GIBSON DUNN

The Honorable Judge Taryn A. Merkl
U.S. District Court - Eastern District of New York
September 22, 2022
Page 3

the prison to corroborate his representations. But far from agreeing that Mr. Azari was permanently hospitalized and unavailable, our contact at the prison confirmed Mr. Azari would be back from the hospital later that afternoon and the deposition could proceed.

Upon receiving that news, we wrote to Mr. Zone to confirm that the deposition would proceed as scheduled. Mr. Zone responded that evening. He stated that he was "not available tomorrow" and instructed us to "not question Mr. Azari." Ex. 4. We responded noting that Mr. Zone had been long aware of the deposition—we had shared with him a copy of our subpoena on August 26, 2022, Ex. 3. We further informed him that given the efforts we had made to arrange the deposition with the prison and to procure court reporting and translation services, rescheduling would be unduly burdensome and costly. We advised that we would be attending the deposition tomorrow, suggested he do the same, and reserved the right to seek costs and fees. Ex. 4. Although we had repeatedly advised Mr. Zone of the date for the deposition since as early as August 25, 2022, Mr. Zone only yesterday told us he could not attend the deposition as scheduled. Ex. 4.

As promised, when our team arrived at the prison this morning, Mr. Zone did not show up. The court reporter was present. The interpreter was present. Mr. Zone's client was present. Yet Mr. Zone did not appear. Consistent with our ethical obligations to refrain from speaking to represented parties, we did not depose Mr. Azari. But we did note for the record what had occurred.

This afternoon, we reached out to Mr. Zone to prepare this joint statement pursuant to the Court's rules and shared an earlier draft of this letter. In response to our correspondence, Mr. Zone asked us to attach as an exhibit to this submission an email he shared as well as informal interrogatories we had provided to him as a courtesy when the parties were discussing Petitioners' discovery requests and the deposition. We attach his email and those informal interrogatories as Exhibits 5 and 6. Even though Mr. Zone had been negotiating with us over his client's cooperation with the subpoena, and even though Mr. Zone unilaterally cancelled the deposition and refused to let us question his client at the duly

---

(1951). However, "questions that have no connection to a reasonable fear of prosecution — for example, 'innocuous questions' such as whether a witness owns or rents his home — must be answered." *Huber v. Ark Credit Co., LLC*, 2016 WL 482955, at *6 (S.D.N.Y. Feb. 5, 2016) (citing *OSRecovery Inc. v. One Groupe Intern., Inc.*, 262 F. Supp. 2d 302, 307 (S.D.N.Y. 2003)). Moreover, a witness may not invoke the Fifth Amendment on the basis of a speculative or hypothetical fear of persecution. See *United States v. Badoolah*, 2021 WL 3675147, at *6-7 (E.D.N.Y. Aug. 19, 2021). Here, there are many questions Mr. Azari can answer that are not connected to a "reasonable fear of prosecution" and thus do not implicate his Fifth Amendment rights yet are of critical importance to our client's efforts to prove the truth of their reporting about Walter Soriano. In any event, even if Mr. Azari takes the Fifth for every question, the English Court may well be able to consider his invocations in the context of an adverse inference in that civil proceeding.

**GIBSON DUNN**

The Honorable Judge Taryn A. Merkl
U.S. District Court - Eastern District of New York
September 22, 2022
Page 4

noticed time, Mr. Zone now claimed he did not represent Mr. Azari in this case. Rather, he said he was only Mr. Azari's "criminal counsel" and had "never filed a notice of appearance" in this proceeding, apparently citing his lack of appearance as an excuse to skip the deposition entirely. Ex. 5. Mr. Zone cannot have it both ways. He cannot stand in the way of this deposition as Mr. Azari's lawyer and then avoid the repercussions of that disruption when it suits him.

Mr. Zone's unilateral refusal to attend Mr. Azari's deposition is highly problematic for our clients. And as Mr. Zone knows, Mr. Azari is scheduled to be sentenced on October 19, 2022. *United States v. Azari*, 19-cr-610 (S.D.N.Y.), Dkt. No. 61. We have reason to believe that Mr. Azari, who has been incarcerated for three years, may be sentenced to time served. If that occurs, Mr. Azari may be removed from the United States to his native Israel, and our client's opportunity to depose him will be lost. We have concerns Mr. Zone is attempting to run out the clock and delay to avoid Mr. Azari's deposition altogether. Yet Mr. Azari and his counsel have long since waived the right to object to the Section 1782 petition and the resulting deposition subpoena.

We therefore respectfully request that this Court direct Mr. Azari to appear for a deposition no later than October 14, 2022. We further respectfully request that the Court direct Mr. Zone to either (a) appear for his client's deposition; or (b) allow us to question Mr. Azari without him present if, as he now claims, he does not represent Mr. Azari in this proceeding. Petitioners further ask that this Court direct costs and fees be provided to Petitioners for the damage done in Mr. Zone's refusal to attend a deposition that has been scheduled since August 26, 2022, including but not limited to the cost of court reporting and interpretive services for today's canceled deposition.

Respectfully submitted,

/s/ Anne Champion
Anne Champion