# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Anne Champion
Direct: +1 212.351.5361
Fax: +1 212.351.5281
AChampion@gibsondunn.com

October 20, 2022

The Honorable Taryn A. Merkl
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 324 North
Chambers: 317 North

Re: *In re Application of Forensic News LLC & Scott Stedman for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 1-22-mc-01617

Dear Judge Merkl:

We write as counsel to Petitioners in the above-captioned Section 1782 proceeding. On October 19, 2022, we filed a letter pursuant to this Court's Individual Rule 3(A) requesting the Court direct respondent Aviram Azari to appear for a deposition regardless of whether attorney Barry Zone, who represents Mr. Azari in a criminal case in the Southern District of New York, attends. See Dkt. 16. We sent Mr. Zone a copy of our letter as a courtesy this morning and subsequently Mr. Zone called our office. On that call, Mr. Zone offered us two dates on which he is available to participate in the deposition, and we have agreed to take the deposition on November 2. We ask the Court to so order that the deposition take place on that date.

Additionally, we ask that the Court issue an order directing MDC Brooklyn, to the extent feasible, to provide the parties with access to a telephone during the deposition. Although we will endeavor to resolve any disputes with respondent during the deposition without judicial intervention, our understanding is that Mr. Azari may invoke his Fifth Amendment privilege improperly. Specifically, Mr. Zone has reiterated to Petitioners' counsel on several occasions that he expects his client to plead the Fifth potentially to every question posed, no matter how innocuous or unrelated to Mr. Azari's pending criminal case. A witness may only invoke the Fifth Amendment during a deposition when a question is connected to a "reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). "[Q]uestions that have no connection to a reasonable fear of prosecution—for example, 'innocuous questions' such as whether a witness owns or rents his home—must be answered." *Huber v. Ark Credit Co., LLC*, 2016 WL 482955, at *6 (S.D.N.Y. Feb. 5, 2016) (citing *OSRecovery Inc. v. One Groupe Intern., Inc.*, 262 F. Supp. 2d 302, 307 (S.D.N.Y. 2003)).

Here, there are many questions within the scope of the requested discovery whose subject matter is not connected to a "reasonable fear of prosecution" and thus do not implicate his Fifth Amendment right that Mr. Azari should be able to answer. Indeed, Petitioners have

been thoughtful about selecting the questions we intend to ask in order to minimize this issue. Nevertheless, should Mr. Azari attempt to evade questioning with a blanket invocation of the Fifth Amendment or otherwise improperly invoke the Fifth Amendment, judicial intervention may be required. This Court's local rules note that the parties "shall, to the extent practicable, notify the Court by telephone" of any "dispute that arises during a deposition" and "seek a ruling while the deposition is in progress." *See* Local Rule 37.3; *see also* Judge Merkl Individual Rule 3(B). That need is particularly acute in this case given Mr. Azari's incarceration. If important disputes go unresolved, that might require Petitioners to arrange a *third* deposition with the prison—in addition to the first one Mr. Zone required us to cancel as well as the second one he's now agreed to. That would place burden not only on Petitioners but also on the prison. We therefore ask that the Court issue an order, to the extent practicable, directing MDC Brooklyn to make available during the deposition a phone the parties can use to resolve any disputes that arise.

In sum, Petitioners ask that this Court so-order the now agreed-upon November 2 deposition of Mr. Azari and direct MDC Brooklyn to make available a phone for the parties use during the deposition, to the extent feasible.

Thank you very much for your consideration

Respectfully,

*/s/ Anne Champion*
Anne Champion